**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DREW C. HARTLEY,

    Petitioner,

-vs-                                                       Case No. 8:07-CV-620-T-30JSM

RANDALL BRYANT, ET AL.,

    Defendants.
_____/

## **ORDER**

This matter is before the Court for consideration of Petitioner's Motion for Reconsideration to Alter or Amend Judgment (Dkt. 6). Plaintiff moves pursuant to Rule 59(e), Fed. R. Civ. P., for reconsideration of the order dismissing his petition for federal habeas relief, entered April 18, 2007. *See* Dkt. 5.

Rule 59(e), Fed.R.Civ.P., gives the court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D.Fla. 1996); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citing *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992), *cert. denied*, 506 U.S. 1078 (1993)). There are three grounds that justify granting a motion to alter or amend judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). *See also CSX Transp., Inc., v. City of Pensacola, Fla.*, 936 F.Supp. 885, 889 n. 2 (N.D. Fla. 1995); *Sussman*, 153 F.R.D. at 694. Plaintiff apparently relies on the third ground for relief as he does not argue an intervening change in law or the availability of new evidence.

The Court finds that Plaintiff has failed to demonstrate clear error or manifest injustice or otherwise provide good cause for this Court to amend its judgment. *See Offices Togolais Des Phosphates*, 62 F.Supp.2d at 1331. *See also Cover v. Wal-Mart*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). He merely reargues issues already argued and rejected.

To the extent that the motion may be read to request that this Court direct the state court to appoint counsel to represent him, writs of mandamus have been abolished in federal practice pursuant to Rule 81(b) Fed. R. Civ. P.  Although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel United States officials to perform their duties, United States courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971)[1]; *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

ACCORDINGLY, the Court **ORDERS** that the  Motion for Reconsideration to Alter or Amend Judgment (Dkt. 6) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh
Copy furnished to:
*Pro Se* Petitioner

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).