UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREW C. HARTLEY,

    Petitioner,

-vs-                                                Case No.  8:07-CV-620-T-30MAP

RANDALL BRYANT, ET AL.,

    Defendants.
_____/

**O R D E R**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 8) of the April 18, 2007 decision (Dkt. 5) dismissing his petition for relief under 28 U.S.C. § § §2254 as procedurally barred because Petitioner failed to exhaust his state court remedies, a Motion for Issuance of Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § § 2253[2] (Dkt. 9), and an Affidavit of Indigency in which Petitioner requests leave to proceed on appeal *in forma pauperis* (Dkt. 10).

---

[1] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability, where a district court has rejected a petitioner's constitutional claims on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Having failed to demonstrate that the Court's assessment of his claims was debatable or wrong, Petitioner has failed to meet the two-prong *Slack* test. *See Slack*, 529 U.S. at 485; *Franklin*, 215 F.3d at 1199.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Issuance of Certificate of Appealability (Dkt. 9) is **DENIED**.

2. The request to proceed on appeal *in forma pauperis* (Dkt. 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner/Counsel of Record

SA: sfc

2